IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| SCENTSY, INC., | ) | Civ. No. 09-0496-S-BLW |
| Plaintiff, | ) ) ) | |
| v. | ) ) | MEMORANDUM DECISION AND ORDER |
| MARY KAY deDISSE, an individual d/b/a ETC-ETERA, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

## INTRODUCTION

The Court has before it a motion for temporary restraining order filed by plaintiff Scentsy and a motion to change venue filed by defendant deDisse. On February 23, 2010, the Court heard oral argument on the TRO motion and granted it, advising counsel that a written decision would follow. In this decision, the Court will explain its decision to grant the TRO motion and deny the motion for change of venue.

## ANALYSIS

### Motion For TRO

**Memorandum Decision & Order – page 1**

A plaintiff seeking a TRO must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of injunctive relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365 (2008). A "possibility" of irreparable harm is insufficient; irreparable injury must be "likely" in the absence of an injunction. *Id.* A TRO is "an extraordinary remedy never awarded as of right." *Id.* at p. 376. In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at p. 376.

Scentsy alleges that deDisse is melting the Scentsy wax, placing it in smaller containers, affixing the Scentsy registered trademark to the container, and selling the altered product to licensed Scentsy consultants. If proven, these allegations would show that deDisse is altering the Scentsy product in an unauthorized manner, and potentially confusing the public by using the Scentsy registered trademark on the altered product. Thus, Scentsy has shown that it is likely to succeed on the merits of the Lanham Act claim. *See Brookfield Communications Inc. v. West Coast Entertainment Corp.,* 174 F.3d 1036 (9th Cir. 1999). The loss of control over a trademarked product creates a potential for damage to reputation, which is irreparable harm. *See CytoSport Inc. v. Vital Pharmaceuticals, Inc.,* 617

F.Supp.2d 1051 (E.D.Cal. 2009).

Finally, the balance of equities favors Scentsy. While deDisse will suffer a loss of income from this injunction, it appears to be income that she is not entitled to under the Lanham Act. On the other hand, the loss of reputation that Scentsy will suffer if the injunction does not issue could be substantial.

For all of these reasons, the Court will grant the motion for TRO.

**Hearing Date on Preliminary Injunction**

The Court will set a hearing on the motion for preliminary injunction for March 9, 2010, at 10:00 a.m. in the Federal Courthouse in Boise Idaho. The parties may present testimony and evidence at that hearing. The parties may reach an agreement to hold the hearing at a later date. Because Rule 65 requires that the TRO expire after 14 days (unless extended for an additional 14 days by the Court or agreement of counsel), the Court has set the hearing on this date. The Court would urge defendant deDisse to retain an attorney.

**Motion for Change in Venue**

deDisse makes a motion to change venue under 28 U.S.C. § 1404(a). She argues that she and most of her witnesses live in Texas and that being forced to try the case in Idaho will be "significantly detrimental to defendant and her ability to provide a defense." *See Motion* at p. 2.

**Memorandum Decision & Order – page 3**

Under § 1404(a), the Court may consider (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495 (9th Cir. 2000).

Here, the original agreement between the parties, now terminated, was made in Idaho where Scentsy is incorporated and has its principal place of business. In that original agreement, deDisse agreed to litigate or arbitrate any dispute in Idaho; although that agreement was terminated about 7 months ago, it is some evidence that litigation in Idaho was not unreasonably burdensome on deDisse. Both sides will have witness concerns if the case is held outside their hometowns, so this factor is a wash. On the whole, looking at all the factors, the Court cannot find a reason to overturn the presumption in favor of the plaintiff's choice of forum under § 1404(a). The motion will therefore be denied.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for temporary restraining order (docket no. 15) is GRANTED, and defendant deDisse is ENJOINED from (1) infringing Scentsy's intellectual property, including the unauthorized use of the Scentsy mark by placing such mark on labels or containers or using the mark to advertise the sale of any product or service; (2) created a false designation of origin by reconfiguring and/or reselling, repackaging, or otherwise converting Scentsy products for resale, including melting or otherwise altering Scentsy wax products, and (3) using consultant e-mail and contact lists obtained from Scentsy for marketing purposes.

IT IS FURTHER ORDERED, that the hearing on the motion for preliminary injunction is set for **March 9, 2010, at 10:00 a.m.** in the Federal Courthouse in Boise Idaho. The parties may introduce witnesses and documents at this hearing.

IT IS FURTHER ORDERED, that the motion for change of venue (docket no. 12) is DENIED.

DATED: **February 23, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order – page 5**