IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCENTSY, INC., an Idaho Corporation,<br><br>        Plaintiff,<br><br>    v.<br><br>MARY KAY deDISSE, an Individual,<br>d/b/a ETC - ETERA,<br><br>        Defendants. | Case No. CV-09-496-S-BLW<br><br>**ORDER** |

# INTRODUCTION

The Court has before it a motion for injunctive relief filed by Plaintiff Scentsy, Inc. The Court previously granted Scentsy's motion for TRO and set a hearing date for March 9, 2010. The parties agreed to continue the March 9, 2010 hearing and extend the TRO until resolution of the preliminary injunction motion. On April 16, 2010, the Court heard oral argument on the preliminary injunction motion and granted it, advising counsel that a written decision would follow. In this memorandum decision, the Court will explain its decision to grant the preliminary injunction motion.

# BACKGROUND

Scentsy sells wickless candles and other related products directly to

Order -- 1

customers through licensed independent consultants.  Mary Kay deDisse is a former Scentsy consultant.

Scentsy seeks to enjoin deDisse from melting Scentsy wax, repackaging it in smaller containers, affixing the Scentsy registered trademark to the container, and selling the altered product in mini-tester kits to licensed Scentsy consultants.  Scentsy claims the use of the Scentsy mark on altered products violates the Lanham Act.  deDisse responds that the motion for preliminary injunction should be denied because Scentsy gave her permission to use the Scentsy mark on the altered products; therefore, Scentsy is not likely to succeed on the merits.  Further, deDisse argues (1) Scentsy has failed to show irreparable injury, and (2) the balance of the equities favors withholding the requested relief.

## STANDARD OF REVIEW

A plaintiff seeking a preliminary injunction must establish that it is likely to succeed on the merits, is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest.  *Winter v. Natural Resources Defense Council, Inc.*, 129 S.Ct. 365 (2008).  A "possibility" of irreparable harm is insufficient; irreparable injury must be "likely" in the absence of an injunction.  *Id.*  A preliminary injunction is "an extraordinary remedy never awarded as of right."  *Id.*

**Order -- 2**

at p. 376. In each case, courts "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id.* at 376.

"In a trademark infringement claim, 'irreparable injury may be presumed from a showing of likelihood of success on the merits.' This presumption effectively conflates the dual inquiries of this prong into the single question of whether the plaintiff has shown a likelihood of success on the merits." *GoTo. com, Inc. v. Walt Disney Co.*, 202 F. 3d 1199, 1205 n.4 (9th Cir. 2000)(citation omitted).

## ANALYSIS

The Lanham Act prevents persons from using (1) any reproduction, counterfeit, copy or colorable imitation of a registered mark; (2) without the registrant's consent; (3) in commerce; (5) where such use is likely to cause confusion, or to cause mistake or to deceive. *See* 15 U.S.C. § 1114(1).[1] Falsely suggesting affiliation with the trademark owner in a manner likely to cause

---

[1]"The tests for infringement of a federally registered mark under 15 U.S.C. § 1114(1), infringement of a common law trademark, unfair competition under 15 U.S.C. § 1125(a), and common law unfair competition are the same: whether confusion is likely." *JouJou Designs, Inc. v. JOJO Ligne Internationale, Inc.,* 821 F.Supp. 1347, 1353 (N.D.Cal.,1992) (citing *New West Corp. v. NYM Co.*, 595 F.2d 1194 (9th Cir.1979).

confusion as to source or sponsorship constitutes infringement.  *Cf., State of Idaho Potato Com'n v. G & T Terminal Packaging, Inc.,* 425 F.3d 708, 715 (9th Cir. 2005).

deDisse argues Scentsy gave her permission to use its mark through its independent consultants, who had  "apparent authority" to authorize her use of the Scentsy logo on altered and repackaged Scentsy products.  deDisse is correct that a trademark owner who has acquiesced to a third party's use of the mark may not later complain of the third party's allegedly infringing conduct.  *See United States Jaycees v. San Francisco Junior Chamber of Commerce*, 354 F.Supp. 61, 72 & n. 7 (N.D.Cal.1972), *aff'd*, 513 F.2d 1226 (9th Cir.1975).  But the Court is not persuaded that Scentsy consultants had the apparent authority to consent to deDisse's use of the Scentsy logo.

"Apparent authority is 'created when the principal voluntarily places an agent in such a position that a person of ordinary prudence ... is justified in believing that the agent is acting pursuant to existing authority." *Thomson v. Sunny Ridge Village Partnership,*796 P.2d 539, 541- 542 (Idaho App. 1990), *quoting Bailey v. Ness*, 708 P.2d 900 (1985).  "A court may make a finding of apparent authority to protect third parties but only where the third party was not on notice of the scope of the agent's actual authority." *Huyett v. Idaho State*

**Order -- 4**

*University,* 104 P.3d 946, 950 (Idaho 2004).

In this case, Scentsy consultant's actual authority is limited to use of Scentsy trade names, trademarks, designs, images or symbols only if authorized and only under specified circumstances. *Plaintiff's Exhibit 3* (Docket No. 16-1) at § 6.2.2. Notably, the Scentsy independent consultant agreement and incorporated policies and procedures forbid consultants from repackaging, re-labeling, or altering the labeling on Scentsy products. *See id.* at § 6.2.5. Consultants are further prohibited from using the Scentsy name or mark "on any item not produced or authorized" by Scentsy. *See id.* at § 6.2.2. And consultants are not given the authority to grant to a third party the right to use the Scentsy mark. *Id.* As a former Scentsy consultant and signatory to an independent consultant agreement, deDisse presumably knew these limitations. *See Irwin Rogers Ins. Agency, Inc. v. Murphy*, 122 Idaho 270, 833 P.2d 128, 131 (Ct. App. 1992) (noting a signatory to a document signals she has read and assents to its contents). Because deDisse is deemed to have had notice of the limitations placed on consultants right to use the Scentsy mark, she may not claim the consultants had apparent authority to license her use of the Scentsy mark on altered and repackaged Scentsy products in a manner that would violate the consultants' agreements with Scentsy. *Huyett,* 104 P.3d at 950.

Scentsy further dispelled any impression that it sanctioned deDisse's conduct

**Order -- 5**

by formally objecting to deDisse's use of its mark in three separate letters.  On July 7, 2009, Scentsy sent a letter admonishing deDisse to refrain from (1) using the Scentsy name or mark on products not authorized by Scentsy; (2) melting down or re-selling Scentsy wax; (3) selling products or services to other Scentsy consultants that are related in any way to their Scentsy business; and (4) using lists she obtained while she was a Scentsy consultant for marketing purposes.  *See Plaintiff's Exhibit 5* (Docket No. 16-1) at 1.  Two more cease and desist letters were sent on August 10, 2009 and September 2, 2009 by Scentsy after it learned deDisse continued to use its mark.  *See Plaintiff's Exhibits 8 &9*  (Docket No. 16-3).  Scentsy then filed this lawsuit on October 1, 2009.  The promptness and frequency of Scentsy's objections demonstrate Scentsy's vigilance in protecting its trademark rights – not its acquiescence to deDisse's use.

As the Seventh Circuit has explained, "[t]he doctrine of acquiescence is based on notions of reliance by the purported infringer."  *Piper Aircraft Corp. v. Wag-Aero, Inc.*  741 F.2d 925, 933 (7th Cir. 1984).  In *Piper Aircraft*, the court found the plaintiff could not reasonably rely on a letter arguably authorizing defendant's use of plaintiff's name to establish acquiescence because the plaintiff formally objected two days later.  Here the Court is similarly convinced that deDisse's attempt to rely on emails from Scentsy consultants to establish consent is

**Order -- 6**

unreasonable in light of Scentsy's formal and repeated objections to deDisse's use of its mark. *Id.* Therefore, Scentsy has shown it is likely to prevail on the merits of its Lanham Act claims.

The Court further finds that the loss of control over a trademarked product creates a potential for damage to reputation, which is irreparable harm. *See CytoSport, Inc. v. Vital Pharmaceuticals, Inc.*, 617 F. Supp. 2d 1051 (E.D. Cal. 2009). Finally, the balance of the equities favors Scentsy. The damages suffered by Scentsy's reputation could result in substantial injury to the Scentsy mark if an injunction does not issue. Any hardship to deDisse would be minimal. Her only loss would be income which she would be earning through conduct which violates the Lanham Act.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the motion for preliminary injunction (docket no. 15) is GRANTED, and defendant deDisse is ENJOINED from (1) infringing Scentsy's intellectual property, including the unauthorized use of the Scentsy mark by placing such mark on labels or containers or using the mark to advertise the sale of any product or service; (2) creating a false designation of origin by reconfiguring and/or reselling, repackaging, or otherwise converting Scentsy products for resale or distribution, including melting or

**Order -- 7**

otherwise altering Scentsy wax products, and (3) using consultant e-mail and contact lists obtained from Scentsy for marketing purposes.



DATED:  **April 19, 2010**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Order -- 8**